HARRIS, Chief Judge.
In 1989, James Madonia was charged with one count of burglary. During the commission of the alleged offense, he was shot, stabbed sixteen times and had his throat cut. As a result of these injuries, Madonia was hospitalized for thirty days but no arrest on the charge was attempted. In fact, Madonia was not arrested until over three years later when a routine traffic stop revealed the warrant.
Madonia moved to dismiss the information, claiming that his late arrest violated his right to speedy trial under the principles of Doggett v. United States, — U.S.—, 112 S.Ct. 2686,120 L.Ed.2d 520 (1992). We agree and reverse.
Doggett cited Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for the proposition that under a Sixth Amend *261 ment challenge, the court must make four separate inquiries: whether the delay was uncommonly long, whether the state or defendant was more to blame for the delay, whether the defendant properly asserted his right to a speedy trial, and whether the defendant suffered prejudice as a result of the delay.
Doggett points out that unreasonable delay threatens harm in many ways, including “oppressive pretrial incarceration,” “anxiety and concern of the accused” and “the possibility that the [accused’s] defense will be impaired” by dimming memories and loss of exculpatory evidence. — U.S. at-, 112 S.Ct. at 2692. It is the last of these upon which Madonia relies in this appeal.
The Doggett court refused to accept the government’s argument that the defendant was required to make an affirmative showing that the delay weakened his ability to raise specific defenses or elicit specific testimony, recognizing that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or identify. Although concluding that had the government pursued Doggett with reasonable diligence from indictment to arrest, his speedy trial claim would fail, the court nevertheless held that the government’s negligence in failing to timely prosecute Doggett would not be overlooked simply because Doggett could not demonstrate exactly how the delay had prejudiced him. The court held:
Condoning prolonged and unjustifiable delays in prosecution would both penalize many defendants for the state’s fault and simply encourage the government to gamble with the interests of criminal suspects assigned a low prosecutorial priority. The Government, indeed, can hardly complain too loudly, for persistent neglect in concluding a criminal prosecution indicates an uncommonly feeble interest in bringing an accused to justice; the more weight the Government attaches to securing a conviction, the harder it will try to get it.
To be sure, to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice. But even so, the Government’s egregious persistence in faffing to prosecute Doggett is clearly sufficient.
— U.S. at — - —, 112 S.Ct. at 2693-2694.
We find that a delay of more than three years is sufficient time to make the delay “presumptively prejudicial” and require a Doggett inquiry. As in Doggett, testimony in the instant case indicates that the appellant lived openly and under his own name with his son and his wife for four years after the state filed the information. Unlike Doggett, the appellant never left the country and apparently has received social security checks during the relevant period of time. He was hospitalized after the stabbing for at least a month and has continued living in Florida since that time. Also like Doggett, both appellant and his wife testified that they had no knowledge of the outstanding warrant prior to appellant’s arrest; the state introduced no contradictory evidence, and in fact, did not introduce any evidence of how they attempted to locate appellant. Based on the evidence before the trial court below, it was error not to dismiss the charge against Ma-donia.
REVERSED.
DAUKSCH and COBB, JJ., concur.