WARNER, J.
Petitioner requests a writ of prohibition to prevent his further prosecution after the trial court denied his motion for discharge in which he alleged a violation of his constitutional speedy trial rights. Petitioner alleges that he was unaware of the charges filed against him over three years ago. He claims that presumptive prejudice was proven by this three-year delay, necessitating the court to conduct an inquiry under Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), as to the reason for the delay and to dispel the presumptive prejudice to the defendant. See Madonia v. State, 648 So.2d 260, 261 (Fla. 5th DCA 1994). However, while petitioner alleges that he was unaware of the charges and was always available and working under his own name, his petition is not sworn, nor was any testimony offered at the hearing as to his availability for service of an arrest warrant during the three-year interlude. The state did not stipulate to these facts, and therefore we cannot presume them true for the purposes of the motion for discharge. Although we would agree that a Doggett inquiry would.be triggered by evidence establishing the facts as alleged in the motion for discharge, without such evidence the court did not err in denying the motion. We distinguish Madonia because there the facts, nearly identical to the alleged facts of this case, were established in an evidentiary hearing. See 648 So.2d at 261. We therefore deny the petition but do so without prejudice to petitioner refiling a properly sworn petition and requesting an evidentiary hearing.
FARMER, C.J., and MAY, J., concur.